**Earla G. REDMAN, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, *et al.*, Defendants–Appellees,**

**William Rogers, Former Deputy Superintendent of Security at Taconic Correctional Facility, *et al.*, Defendants.***

No. 12–2150–cv.

United States Court of Appeals, Second Circuit.

Oct. 15, 2013.

* The Clerk of Court is directed to amend the   official caption as shown above.

Earla G. Redman, pro se, Jamaica, NY, for Appellant.

David Lawrence, III, Assistant, Solicitor General, of Counsel, (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, on the brief), for Eric T. Scheiderman, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: ROBERT D. SACK, REENA RAGGI, and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

*Pro se* plaintiff Earla Redman appeals from the district court's grant of summary judgment to the defendants, dismissing her employment complaint brought pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.* ("ADA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, the district court properly converted defendants' motion to dismiss to a motion for summary judgment. *See* Fed.R.Civ.P. 12(d). Defendants' Local Rule 12.1 statement put Redman on notice that the motion might be converted into one for summary judgment, included the text of Federal Rule of Civil Procedure 56, advised her of the nature of summary judgment in plain English, and informed her that her complaint might be dismissed if she did not respond to the motion by filing her own sworn affidavits and other papers as required by Rule

56(e). *Cf. Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999).

An independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of defendants. We have considered all of Redman's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.